**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED by _JC_ D.C.
ELECTRONIC

**Sept. 25, 2007**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JUDE GILLESPIE,

      Plaintiff,

**07-22511-CIV-HUCK/SIMONTON**

v.
                          CASE NO:  8:07-cv-662-T-26TBM

KAPLAN UNIVERSITY a/k/a
KAPLAN COLLEGE a/k/a
IOWA COLLEGE ACQUISITION CORP.,

      Defendant.

_____/

**O R D E R**

On September 4, 2007, the Court entered an order scheduling a hearing on

Defendant's motion to transfer and directing Plaintiff's counsel to file a response to the

motion on or before September 17, 2007.  When Plaintiff's response was not forthcoming

as ordered, the Court requested a member of chambers' staff to contact Plaintiff's

counsel.  Notwithstanding the fact that Plaintiff's counsel had not moved to withdraw in

accord with Local Rule 2.03(b), his office advised that he was no longer representing

Plaintiff, that another attorney from Miami, Florida, had undertaken representation of

Plaintiff, and that Plaintiff's counsel was out of town and would not be available for the

hearing.  The Court's staff member then called the Miami attorney and was advised that

Plaintiff does not oppose granting the motion and transferring the case to the United States District Court for the Southern District of Florida.

Accordingly, it is ordered and adjudged as follows:

1) Defendant's Motion to Transfer Action (Dkt. 8) is granted.

2) The Clerk is directed to transfer this case to the United States District Court for the Southern District of Florida and to close the case once transfer has been effected.

3) The hearing on the motion scheduled for tomorrow is cancelled.

4) Plaintiff's counsel is admonished to follow the local rules of this court in the future with regard to withdrawing from representation of a client in a case pending before this Court.  Should Plaintiff's counsel engage in such conduct in the future, he will be directed to appear before the Court and show cause why sanctions should not be imposed.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2007.


___s/*Richard A. Lazzara*_____
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

CLOSED

# U.S. District Court
## Middle District of Florida (Tampa)
### CIVIL DOCKET FOR CASE #: 8:07-cv-00662-RAL-TBM
#### Internal Use Only

Gillespie v. Kaplan University
Assigned to: Judge Richard A. Lazzara
Referred to: Magistrate Judge Thomas B. McCoun, III
Cause: Americans with Disabilities Act

Date Filed: 04/16/2007
Date Terminated: 09/19/2007
Jury Demand: Plaintiff
Nature of Suit: 445 Civil Rights:
Americans with Disabilities -
Employment
Jurisdiction: Federal Question

**Plaintiff**

**Jude Gillespie**

represented by **John W. Andrews**
Andrews Law Group
3220 Henderson Blvd
Tampa, FL 33609
813/877-1867
Fax: 813/872-8298
Email:
Andrewslawgroup@ix.netcom.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kaplan University**
*also known as*
Kaplan College
*also known as*
Iowa College Acquisition Corp.

represented by **Jennifer M. Taylor**
Akerman Senterfitt
28th Floor
1 SE 3rd Ave
Miami, FL 33131-1714
305/374-5600
Fax: 305/374-5095
Email: jennifer.taylor@akerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan N. Eisenberg**
Akerman Senterfitt
28th Floor
1 SE 3rd Ave
Miami, FL 33131-1714
305/374-5600
Fax: 305-374-5095

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By:
Deputy Clerk

Email: susan.eisenberg@akerman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/16/2007 | 1 | COMPLAINT against Kaplan University ; jury demand (Filing fee $ 350 receipt number T041223) filed by Jude Gillespie.(bn) (Entered: 04/17/2007) |
| 04/18/2007 | 2 | NOTICE of designation under Local Rule 3.05 - track 2. Notice of pendency of other actions due by 4/30/2007. Signed by Deputy Clerk on 4/18/2007. (Cole, R) (Entered: 04/18/2007) |
| 07/03/2007 | 3 | Summons issued as to Kaplan University. (cda) (Entered: 07/06/2007) |
| 07/26/2007 | 4 | Unopposed MOTION for extension of time to file answer or otherwise plead re 1 Complaint by Kaplan University. (Attachments: # 1 Text of Proposed Order)(Eisenberg, Susan) Motions referred to Magistrate Judge Thomas B. McCoun, III. (Entered: 07/26/2007) |
| 07/27/2007 | 5 | ORDER granting 4 Motion for extension of time to answer or respond. Kaplan University answer due 8/31/2007. Signed by Judge Richard A. Lazzara on 7/27/2007. (Cole, R) (Entered: 07/27/2007) |
| 07/30/2007 |  | (Court only) ***Deadlines terminated (past). (bn) (Entered: 07/30/2007) |
| 08/31/2007 | 6 | MOTION to dismiss Partial Motion to Dismiss Count IV of Plaintiff's Complaint by Kaplan University. (Eisenberg, Susan) (Entered: 08/31/2007) |
| 08/31/2007 | 7 | MOTION for extension of time to file answer or otherwise plead re 1 Complaint *as to Counts in the Complaint Defendant Will Not Move to Dismiss* by Kaplan University. (Eisenberg, Susan) Motions referred to Magistrate Judge Thomas B. McCoun, III. (Entered: 08/31/2007) |
| 08/31/2007 | 8 | MOTION to transfer case *and Incorporated Memorandum of Law* by Kaplan University. (Attachments: # 1 Exhibit A)(Eisenberg, Susan) (Entered: 08/31/2007) |
| 09/04/2007 | 9 | ORDER ATTACHED denying without prejudice 6 Defendant's partial motion to dismiss count IV of the complaint and granting 7 Defendant's motion for extension of time to answer complaint. Defendant shall file its answer and defenses to the complaint within 10 days of this order. Plaintiff shall file a response to 8 Defendant's motion to transfer action on or before 9/17/07. The Court will conduct a hearing on the motion on 9/19/07 at 8:30 a.m. Signed by Judge Richard A. Lazzara on 9/4/2007. (DMB) (Entered: 09/04/2007) |
| 09/04/2007 | 10 | NOTICE of Hearing on 8 Defendant's motion to transfer case and incorporated memorandum of law: Motion Hearing set for Wednesday, 9/19/2007 at 08:30 AM in Courtroom 15 B before Judge Richard A. Lazzara. (DMB) (Entered: 09/04/2007) |

https://ecf.flmd.circ11.dcn/cgi-bin/DktRpt.pl?107290984317734-L_353_0-1                    9/19/2007

| 09/14/2007 | ●11 | *Defendant's* ANSWER and affirmative defenses to complaint by Kaplan University.(Eisenberg, Susan) (Entered: 09/14/2007) |
|---|---|---|
| 09/18/2007 | ●12 | ORDER ATTACHED granting 8 Motion to transfer case. The clerk is directed to transfer this case to the United States District Court for the Southern District of Florida and to close the case once transfer has been effected. The hearing on the motion scheduled for tomorrow is cancelled. See attached order for all additional details. Signed by Judge Richard A. Lazzara on 9/18/2007. (DMB) (Entered: 09/18/2007) |
| 09/18/2007 | ●13 | RESPONSE to motion re 8 MOTION to transfer case *and Incorporated Memorandum of Law* filed by Jude Gillespie. (Andrews, John) (Entered: 09/18/2007) |
| 09/19/2007 | ●14 | TRANSFER to the District of Southern District of Florida (bn) (Entered: 09/19/2007) |
| 09/19/2007 | ● | (Court only) ***COPIES mailed to Southern District of Florida re 12 Order on motion to transfer case, 14 District transfer out (apv) (Entered: 09/19/2007) |

# UNITED STATES DISTRICT COURT
## Middle District of Florida
Office of the Clerk
United States Courthouse
Tampa, Florida  33602
www.flmd.uscourts.gov

Sheryl L. Loesch
   Clerk

Tampa Division Manager
(813) 301-5400

September 19, 2007

RE:  Gillespie v. Kaplan University

CASE NUMBER: 8:07-cv-662-T-26-TBM

### TRANSMITTAL OF RECORD TO ANOTHER DISTRICT

The above numbered case has been transferred to your district pursuant to Order of Court signed by United States District Judge Richard A. Lazzara on September 18, 2007.

Transmitted with this letter is a certified copy of the docket sheet and an extra copy of this letter.  I request that you date stamp the copy of this letter and return it to me in the addressed envelope provided.

Sincerely,

SHERYL L. LOESCH, CLERK

s/ B. Napier
Deputy Clerk

Receipt is acknowledged of the documents described herein.

New Case Number: _____

Date of Receipt: _____

By: _____
         Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**JUDE GILLESPIE,**

     Plaintiff,

v.                         Civil Action No._____

**KAPLAN UNIVERSITY** a/k/a,
**KAPLAN COLLEGE** a/k/a **IOWA
COLLEGE ACQUISITION CORP.,**

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, Jude Gillespie ("Gillespie") by and through his undersigned counsel, sues

Defendant, **KAPLAN UNIVERSITY** a/k/a, **KAPLAN COLLEGE** a/k/a **IOWA COLLEGE**

**ACQUISITION CORP.,** ("Kaplan"), and states:

## COMMON ALLEGATIONS

1.     This is an action for damages arising out of Gillespie's employment by Kaplan

     and the termination thiseof. Kaplan owes Gillespie more than $15,000.00

     exclusive of interest and costs. A jury trial is demanded.

2.     Gillespie was at all times a Florida resident.

3.     Kaplan is a foreign corporation doing business in the State of Florida providing

     internet based education to individuals throughout Florida including Hillsborough

     County and with offices in Florida.

4.     Gillespie is an attorney employed by Kaplan in April 2004 as an associate

professor and course developer for Kaplan's School of Paralegal Studies.

5.  In August 2004 Kaplan promoted Gillespie to the Academic Department Chair for said school.

6.  April 15, 2005 Kaplan terminated Gillespie's employment in relation for Gillespie engaging in the following and other acts to be ascertained in discovery:

    a) Filing a charge of discrimination against Kaplan with the U.S. Department of Education.

    b) Informing the Department of Education that Kaplan was in violation of its implementing regulations, and thus was not an eligible recipient for Federal financial assistance in violation of the Florida Private Whistleblower's Act; or

    c) for seeking leave pursuant to A.D.A. and FMLA or other protected activity.

7.  At all times material hereto, Gillespie was a qualified individual under the American with Disabilities Act (ADA), 42 U.S.C.A. § 12111(8).

8.  At all times material hereto, Gillespie was an employee eligible for leave pursuant to the Family Medical Leave Act. 29 U.S.C. §2611(3) (FMLA) or other protected activity.

9.  A substantial percentage of Kaplan's annual revenue comes from Federal financial assistance funded by the United States Department of Education (Department) in the form of Title IV student loans.

10. As a recipient of Federal financial assistance from the Department and as a public institution of higher learning, the University is subject to the provisions of Section 504 of the Rehabilitation Act of 1973 and its implementing regulation, 34 C.F.R.

2

Part 104, which prohibit discrimination on the basis of disability.

11.    At all times material hereto, KAPLAN was an employer within the meaning of the
       ADA, the Rehabilitation Act, the Whistleblower Act, and the Family Medical
       Leave Act.

12.    At all times material hereto, KAPLAn was an employer as defined within the
       meaning of the Florida Civil Rights Act, Florida Statute Chapter 760.

13.    On April 14, 2005, Plaintiff filed a complaint with the Department's Office of
       Civil Rights, which was assigned OCR *Case* No. 04-05-2087, a copy of which
       KAPLAN UNIVERSITY has already received.

14.    On April 20, 2005, Plaintiff filed a *second* complaint with the Department's
       Office of Civil Rights, in which Plaintiff alleged that he was terminated from
       KAPLAN just one day after he engaged in the protected activity of filing the first
       OCR complaint on April 15, 2005.

15.    Plaintiff also filed a charge of discrimination with the EEOC, which was
       dual-filed with the Florida Human Right Commission. A true and correct copy of
       which is attached hereto.

16.    On April 11, 2006, the EEOC mailed Plaintiff a copy of the Notice of Right to
       Sue Letter. A true and correct copy of which are attached hereto.

17.    Plaintiff has met the procedural requirements necessary to bring this action.

18.    GILLESPIE brings this action against Defendant KAPLAN under the
       Rehabilitation Act, as amended, 29 U.S.C. §§794 (hereinafter referred to "Section
       504 and 505 or the "RA");  The Americans with Disabilities Act of 1990, 42

3

U.S.C. §§ 12101 *et seq.* **(hereinafter referred to as "Title** I" or "ADA"), to remedy discrimination on the basis of disability and/or retaliation, the Florida Civil Rights Act, Florida Statute §§ 760 *el seq.* (hereinafter referred to as "Civil Right's Act"), the Family Medical Leave Act, 29 U.S.C. § 2611(3) referring to 29 U.S.C. § 203 (hereinafter referred to as the "FMLA"), and the Florida Private Whistleblower Act, Florida Statute §448.102 (hereinafter referred to as the "Whistleblower Act").

19. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(4); and 42 U.S.C. § 2000(e)-5(t)(3); and 42 U.S.C. § 12117(a); and supplemental jurisdition Florida Civil Rights Act of 1992 claim and Florida Private Whistleblower Act claim pursuant to 28 U.S.C. § 1367.

## COUNT I
## UNLAWFUL RETALIATION
## IN VIOLATION OF the ADA

Gillespie realleges and incorporates paragraphs 1 through 19 of this Complaint.

20. This is an action for damages as a result of the Defendant's retaliatory treatment of Plaintiff in violation of the Americans with Disability Act 42 USCA §12111 & 12112

21. By and through its agents, supervisors, and employees, Defendant engaged in and othiswise permitted retaliation to occur by: refusing to redress Plaintiffs legitimate and bonafide complaints of discrimination; by retaliating against Plaintiff by demoting and disciplining him, and by terminating him.

4

22. Plaintiff Gillespie was engaged in protected activity when he reported and/or made complaints of unlawful conduct.

23. Gillespie's complaints constitute protected activity under 42 U.S.C. §§2000e-4832, 2000e-5833, 2000e-6834, 2000e-8835, 2000e-9836, and 2000e-3(a).

24. Gillespie suffered adverse action by the Defendant in that she was demoted, disciplined and/or terminated.

25. Gillespie's complaints and opposition are causally related to the Defendant's retaliatory treatment of him.

26. As a result of the Defendant's aforementioned conduct and treatment of the Plaintiff, Plaintiff has sustained a loss of employment and other damages.

27. As result of the aforementioned actions of the Defendant, Plaintiff has suffered severe emotional distress.

28. Plaintiff is informed and believes and based thereon alleges that, in addition to the practices enumerated herein, Defendant has engaged in other discriminatory practices against Plaintiff which are not yet fully known. At such time that the discrimination becomes known, Plaintiff will seek leave of court to amend this complaint in that regard.

29. Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and Received a Right to Sue.

30. Plaintiff has exhausted all of his administrative remedies.

31. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered and will continue to suffer pain and

5

suffering, extreme and severe emotional distress, and mental anguish.

32. Plaintiff has suffered and will continue to suffer a loss of earnings and othis employment related benefits and job opportunities. As a result, Plaintiff is thiseby entitled to general and compensatory damages In an amount to be proven at trial.

33. Plaintiff is further entitled to punitive damages.

34. As a further direct and proximate result of the Defendant's violation as hisein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that his attorney's fees be awarded pursuant to 42 USCA 12111 & and 12112, and 42 U.S.C. §2000e-5(k).

WHEREFORE, Plaintiff Gillespie prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff be awarded general and compensatory damages, reinstatement, or front pay, back pay, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Title VII; that Plaintiff be awarded such othis relief as the Court deems just and proper. Plaintiff furthis demands trial by jury.

## Count II
## **UNLAWFUL RETALIATION**
## **VIOLATION OF FLORIDA STATUTE 760. et sea.**

Gillespie realleges and incorporates paragraphs 1 through 19 of this Complaint.

35. This is an action for damages as a result of the Defendant's retaliatory treatment of Plaintiff in violation of the Florida Civil Rights Act of 1993, Fla. Stat. §760.

6

36. By and through its agents, supervisors, and employees, Defendant engaged in and otherwise permitted retaliation to occur by: refusing to redress Plaintiff's legitimate and bonafide complaints of discrimination; by retaliating against Plaintiff by demoting and disciplining his, and by terminating his.

37. Plaintiff Gillespie was engaged in protected activity when he reported and/or made complaints of unlawful activity.

38. Gillespie's complaints constitute protected activity under 42 U.S.C. §2000e-3(a).

39. Gillespie suffered adverse action by the Defendant in that he was disciplined and/or terminated.

40. Gillespie's complaints and opposition to the discrimination are causally related to the Defendant's retaliatory treatment against him.

41. As a result of the aforementioned conduct as alleged in this Count, Defendant has violated the FCRA.

42. The Defendant violated Florida Statute § 760.10 by retaliating against Plaintiff Gillespie for his legitimate and bonafide complaints of discrimination.

43. As a result of the Defendant's aforementioned conduct and treatment of the Plaintiff, Plaintiff has sustained a loss of employment and other damages.

44. As result of the aforementioned actions of the Defendant, Plaintiff has suffered severe emotional distress.

7

45. Defendant has failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring.

46. Plaintiff believes and based thereon alleges that in addition to the practices enumerated herein, Defendant has engaged in other discriminatory practices against Plaintiff which are not yet fully known. At such time that the discrimination becomes known, Plaintiff will seek leave of court to amend this complaint in that regard.

47. Plaintiff has filed a timely charge of discrimination with the Florida Commission of Human Relations.

48. Plaintiff has exhausted all of his administrative remedies.

49. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress, and mental anguish.

50. Plaintiff has suffered and will continue to suffer a loss of earnings and othis employment related benefits and job opportunities. As a result, Plaintiff is thiseby entitled to general, compensatory damages and punitive damages in an amount to be proven at trial.

51. As a further direct and proximate result of the Defendant's violation as herin described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable

8

attorney's fees and costs. Plaintiff requests that his attorney's fees be

awarded pursuant to Fla Statute §760.11(5).


WHEREFORE, Plaintiff Gillespie prays that judgment be entered in his favor

against the Defendant as follows: That Plaintiff be awarded general and

compensatory damages, reinstatement, or front pay, back pay, prejudgment interest;

that Plaintiff be awarded punitive damages, reasonable attorney's fees and costs

pursuant to the FCRA; that Plaintiff be awarded such other relief as the Court deems

just and proper. Plaintiff further demands trial by jury.

### Count III
### UNLAWFUL RETALIATION
### VIOLATION OF FLORIDA WHISTLEBLOWER'S ACT, F.S. §§448.101-448.105

Gillespie realleges and incorporates paragraphs 1 through 19 of this Complaint.

52.     This is an action under Florida Statute § 448.101, et. seq.

53.     Because Gillespie objected to and refused to participate in Kaplan's activity and

        thus Kaplan retaliated against him.

WHEREFORE, Plaintiff Gillespie prays that judgment be entered in his favor against the

Defendant as follows: that Plaintiff be awarded general and compensatory damages,

reinstatement, or front pay, back pay, prejudgment interest; that Plaintiff, reasonable attorney's

fees and costs pursuant to the §448.101 ; that Plaintiff be awarded such othis relief as the Court

deems just and proper. Plaintiff further demands trial by jury.


### Individual Claim of Jude Gillespie for 3730(h) (FCA)

Gillespie realleges and incorporates paragraphs 1 through 19 of this Complaint.

9

54.     Gillespie, as an employee of Kaplan notified Department of Education that
        Kaplan was in violation of its implementing regulations, and therefore, not able to
        remain a recipient of Federal financial assistance.

55.     (e) As a result of the above complaints, he was engaged in protective activities.

56.     (f) As a result of the above actions, Kaplan retaliated against him by firing him.
        (g) As a result of being fired, Gillespie has lost wages, been unable to obtain any
        other employment as of today's date, suffered emotional distress, and claims all
        damages that are available under 3730(h)


## COUNT IV EMOTIONAL DISTRESS

57.     Gillespie realleges and incorporates paragraphs 1 through 19 of this Complaint.

58.     This is an action for intentional inflection of mental distress.

59.     Because Gillespie objected to and refused to participate in Kaplan's activity
        Kaplan set out to destroy Gillespie and his mental health.

60.     The actions of Kaplan are shocking to the conscience and should not be tolerated
        in an organized society.

61.     As a result of said conduct Plaintiff suffered pain and suffering, mental anguish,
        loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn
        money and aggravation of a previously existing condition. The losses are either
        permanent or continuing and Plaintiff(s) will suffer the losses in the future.

WHEREFORE, Plaintiff Gillespie prays that judgment be entered in his favor against the
Defendant as follows general and compensatory damages, reinstatement, prejudgment interest,

10

WHEREFORE, Plaintiff Gillespie prays that judgment be entered in his favor against the Defendant as follows general and compensatory damages, reinstatement, prejudgment interest, attorney's fees and costs pursuant to the §448.101; that Plaintiff be awarded such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

Dated: 4/16/2007

        S/ John W. Andrews
**John W. Andrews, Esq.**
FBN: 178531; SPN: 013131
**ANDREWS LAW GROUP**
3220 Henderson Blvd.
Tampa, FL 33609
Ph. (813) 877-1867; Fx. (813) 872-8298
Attorney for the Plaintiff(s)

## U.S. Equal Employment Opportunity Commission
## DISMISSAL AND NOTICE OF RIGHTS

| To: Jude Gillespie <br><br> 800 West Ave. #540 <br><br> Miami Beach, FL 33139 | From: Miami District Office <br> Equal Employment Opportunity Commission <br> One Biscayne Tower, Suite 2700 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131-1805 |
|---|---|
| ☐ On behalf of a person aggrieved whose identity is <br> CONFIDENTIAL (29 CFR § 1601.7(a)) | |

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 150-2005-03711 | Robert Blomberg, Inestigator | 305 530-6041 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## -- NOTICE OF SUIT RIGHTS --
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

On behalf of the Commission

**APR 1 1 2006**
_____
*(Date Mailed)*

_____
Federico Costales, District Director

cc:

| | |
|---|---|
| US Dept Of Education | US Dept of Labor |
| ice of Civil Rights | Office of Federal Contract Compliance Programs |
| 61 Forsyth St SW Ste 19T70 | 61 Forsyth SW |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| Att: Doris N. Shields, Team Leader | Att: Donald Cirino, Dir of Regional Opr. |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA | |
| | ☒ EEOC | 150-2005-03711 |

| Florida Commission on Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr, Ms, Mrs) | Home Phone No (incl Area Code) | Date of Birth |
|---|---|---|
| Mr. Jude Gillespie | (786) 399-6522 | 04-27-1967 |

Street Address · City, State and ZIP Code

800 West Ave #540, Miami Beach, FL 33139

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| KAPLAN UNIVERSITY | 500 or More | (954) 515-3257 |

Street Address · City, State and ZIP Code

6301 Kaplan University Ave, Fort Lauderdale, FL 33309

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address · City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 12-16-2004 | 04-15-2005 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am disabled, have a history of a disability and am regarded as disabled.

I reported the need for an accommodation and proof of my disability on December 16, 2004. On January 6, 2005 I advised Respondent, Willie Campbell of Human Resources, they were in violation of the Americans with Disabilities Act in that they failed to comply with a already agreed upon and granted an accommodation. On April 14, 2005 I complained of an ADA violation to the Dept of Education, Civil Rights Division. On April 15, 2005 I was terminated.

I applied for a promotion on January 13, 2005 to Assistant Dean of Curriculum and my resume was acknowledged received by Dean Lowry. Later I was told it fell threw the cracks by Melissa Martin, Director of HR.

I believe my rights under the Americans with Disabilities Act were violated in that I was not given an accommodation, complained of it and then terminated and not given a promotion amongst other things in retaliation for making the complaint.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct | SIGNATURE OF COMPLAINANT |
| | |
| Aug 08, 2005                    *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

**DOL FOIA – 98**

-----Original Message-----
From: ocr_complaint@ed.gov [mailto:ocr_complaint@ed.gov]
Sent: Thursday, April 14, 2005 4:04 PM
To: bankruptcy@the-beach.net; OCR_Atlanta@ed.gov;
ocr_complaint@wdcrobcolp03.ed.gov
Subject: OCR Electronic Complaint Submission

Your complaint with the Office for Civil Rights, a copy of which is
reproduced below, has been automatically forwarded to the following office
for review:


Office for Civil Rights/ED

Atlanta Office

61 Forsyth St. S.W., Suite 19T70

Atlanta, GA, 30303-3104


So that we can best assist you, we call your attention to the following


1. If you need to communicate with OCR regarding your complaint before you
are contacted directly, please do not reply to this message, which would
result in your reply going to a send-only server address. Instead, please
direct your correspondence to the above office at OCR_Atlanta@ed.gov.


2. If you need to modify or supplement your complaint, please do not use
the complaint form to submit another complaint with the new information.
Instead, you may simply send an email to the office that has your complaint
Filing duplicative complaints may impede our ability to review your concerns
in a timely manner. (If you have a separate complaint involving other
matters, you may of course use this form to submit it.)


3. Remember that before OCR can process your complaint it must receive at
the above address a signed copy of the Office for Civil Rights Consent Form
which you can obtain at
http://www.ed.gov/about/offices/list/ocr/edlite-consentform.html.


4. It is recommended that you print a copy of this message and retain it
for your records.


The following information has been sent to the specified office


OCR COMPLAINT FORM

Gmail - FW: OCR Electronic Complaint Submission AL    Document 1 http://mail.google.com/mail/?&ik=a8862235f&view=pt&th=1067e39a...

1. Enter information about you.

Your First Name: Jude          Your Last Name: Gillespie

Your Address: 800 West Avenue, Suite 54(

City: Miami Beach

State: FL    Zip Code: 3313S

Best Time to Call You: DAY    Primary Phone No: 786-399-652:

Alternative Phone No:

Your Email Address: bankruptcy@the-beach.net

2. Who else can we call if we cannot reach you?

Contact's Name:

Daytime Phone No:

Relationship to you:

3. Who was discriminated against?

    Jude Gillespie

4. What institution discriminated?

Institution Name: Kaplan University

Address:  6301 Kaplan University Avenue

City: Fort Lauderdale

State: FL

Zip Code: 33309

School or department involved: School of Paralegal Studies

5. Have you tried to resolve the complaint through the institution's grievance process, due process hearing, or with another agency?

Yes

Agency Name:

Date Filed: (mm/dd/yyyy)

Status: University has no institutional grievance process as required by 34 C.F.R. 104.7.

6. Describe the discrimination

OCR enforces regulations that prohibit discrimination on the basis of race color, national origin; sex; disability; and/or age

All that apply:

disability

retaliation

you filed a complaint or asserted your rights

Why you believe the discrimination was because of [race, gender, disability
or whatever basis you indicated above] or why you believe the action was
retaliatory.

I am an attorney and I have been in discussion with Gary Chasseau, Esquire
in your Atlanta Department. Mr. Chasseau has a nearly completed draft of a
law suit that I had intended to file in the US District Court for the
Southern District of Florida that already exceeds 21 pages. Please refer to
that document. Kaplan University has also been provided with a copy of the
draft complaint.

Additional narrative follows:

I have been mistreated and underestimated ever since my first complaint
about discrimination/retaliation made on January 7, 2005. Kaplan, in knowing
disregard of federal law, has intentionally ignored to treat my complaints
with the respect they deserved, and in clear violation of Title 34 of the
Code of Federal Regulations.

On January 13, 2005, Kaplan followed-up on its promise not to promote those
employees who were not visible by failing to consider my promotion to
Assistant Dean of Curriculum for the School of Criminal Justice

Next, Kaplan made the knowingly false statement that my resume had been
misplaced despite my communications with Dee Machuca and Allen Lowery

It then failed to do anything about John Berube's intentional rigging of an
academic vote. When I lodged my complaint to HR, Kaplan offered to move me
laterally to the Academic Department Chair position with the School o
Criminal Justice (or "to demote me" to full-time faculty despite the fac
that I had applied for a promotion) in order for me not to have to work
under John Berube.

I responded just two (2) hours later to the offer stating that I accepted
the offer and that I was willing to accept the Academic Department Chair
position on a temporary basis so that I would not have to remain employed
under John Berube.

Of course, just one week after I accepted that temporary solution, Dean
Connie Bosse removed that option and instead insisted that if I wanted to
remain employed at Kaplan University that I would have to continue to work

1. Enter information about you

Your First Name: Jude        Your Last Name: Gillespi

Your Address: 800 West Avenue, Suite 54(

City: Miami Beach

State: FL    Zip Code: 3313$

Best Time to Call You: DAY    Primary Phone No: 786-399-652

Alternative Phone No

Your Email Address: bankruptcy@the-beach.ne

2. Who else can we call if we cannot reach you'

Contact's Name: Phyllis N. Gillespie

Daytime Phone No: 724-933-054:

Relationship to you: Mothei

3. Who was discriminated against?

    Jude Gillespie

4. What institution discriminated?

Institution Name: Kaplan University

Address: 6301 Kaplan University Avenue

City: Fort Lauderdale

State: FL

Zip Code: 33139

School or department involved: Dept. of Paralegal Studie:


5. Have you tried to resolve the complaint through the institution'
grievance process, due process hearing, or with another agency'

No

Agency Name:

Date Filed:  (mm/dd/yyyy)

Status:


6. Describe the discriminatior

OCR enforces regulations that prohibit discrimination on the basis of race
color, national origin; sex; disability; and/or age

All that apply:




retaliation

you filed a complaint or asserted your right:

Why you believe the discrimination was because of [race, gender, disability
or whatever basis you indicated above] or why you believe the action wa:
retaliatory.

On April 14, 2005 (Thursday), I filed a complaint with the OCR allegin
disability discrimination and retaliation pursuant to Section 504 of th
Rehabilitation Act and for Kaplan University's non-compliance with Title 34
Code of Federal Regulations

The very next day, April 15, 2005, my employment was wrongly terminated i
retaliation. I am seeking Early Complaint Resolution as I have bipola
disorder and need my income and insurance benefits in order to maintain m
health.

Thank you.

7. Your complaint must be filed within 180 days of the discriminatory actio

When did the last act of discrimination occur'

Enter the date: 04/15/2005 (mm/dd/yyyy)

Are you requesting a waiver of the 180-day filing time limit fo
discrimination that occurred more than 180 days before the filing of thi
complaint?

No.

8. What would you like the institution to do as a result of your complaint
what remedy are you seeking'

Reinstate employment immediately and expunge any and all negativ
references. Appropriate monetary relief for retaliation, pain and sufferinç
back pay, and punitive damages for their intentional violation of feder:
law.

Do you have written information that you think will help us understand you
complaint?

Yes, Contact the person above with information on how to sumbit thi
information.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JUDE GILLESPIE,

        Plaintiff,

v.                             Case No.  8:07-cv-662-T-26TBM

KAPLAN UNIVERSITY,

        Defendant.

_____/

## NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

Please take notice that, in accordance with Local Rule 3.05, this action is designated as a **Track Two** Case.  All parties must meet any requirements established in Local Rule 3.05 for cases designated as track two.  Counsel and any unrepresented party shall meet within sixty days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions,  for the purpose of preparing and filing a Case Management Report.  Parties should utilize the **attached** Case Management Report form.  Plaintiff is responsible for serving a copy of this notice and any attachment to this notice upon all other parties.

**\*Counsel are encouraged to view the Court's website at www.flmd.uscourts.gov (click on Judicial Information Tampa, click on Judge Richard A. Lazzara, click on Case and Trial Management Preferences) for guidance, information and frequently used forms regarding Judge Lazzara's docket.**

                                   SHERYL L. LOESCH, CLERK

                                 By:    R. Cole, Deputy Clerk

Date:  April 18, 2007

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

**Plaintiff**
**v.**                                                                                    **Case No.**
**Defendant**

**CASE MANAGEMENT REPORT**

      1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held
on _____ (date) at _____ (time) (check one) (\_\_) by telephone (or) (\_\_) at _____
_____ (place) and was attended by:

      _____        _____
                Name                                      Counsel for (if applicable

      2.    <u>Initial Disclosures</u>:

           a.   Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that
"[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the
extent otherwise stipulated or directed by order, a party must, without awaiting a
discovery request, provide to other parties: (A) the name and, if known, the
address and telephone number of each individual likely to have discoverable
information that the disclosing party may use to support its claims or defenses,
unless solely for impeachment, identifying the subjects of the information; (B) a
copy of, or a description by category and location of, all documents, data
compilations, and tangible things that are in the possession, custody, or control
of the party and that the disclosing party may use to support its claims or
defenses, unless solely for impeachment; (C) a computation of any category of
damages claimed by the disclosing party, making available for inspection and
copying as under Rule 34 the documents or other evidentiary material, not
privileged or protected from disclosure, on which such computation is based,
including materials bearing on the nature and extent of injuries suffered; and (D)
for inspection and copying as under Rule 34 any insurance agreement under
which any person carrying on an insurance business may be liable to satisfy part
or all of a judgment which may be entered in the action or to indemnify or

Rev: 4/01

reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1).[1]

The parties (check one)

_____    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _ _____ (date).[2]

_____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____

_____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____
_____

3.    Discovery Plan - Plaintiff:  The parties jointly propose the following Plaintiff's discovery plan:

a.    Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan."  Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  See Fed. R. Civ. P. 26(a)(1).

Rev: 4/01

Case Management Report
Page 3

Number of Requests for Admission:  Parties may seek to limit the number
of Plaintiff's requests for admission in accordance with Fed. R. Civ. P.
26(b)(2).  Any such request must be made in paragraph 6 below and
approved by the court.

(2) <u>Written Interrogatories:</u>

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless
otherwise permitted by the Court for cause shown, no party shall serve
upon any other party, at one time or cumulatively, more than twenty-five
(25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all
parts and subparts."  Any request by Plaintiff to exceed this limit must be
made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

(4) <u>Oral Depositions:</u>

Rev: 4/01

Case Management Report
Page 4

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:    Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br>of Deposition | <u>Grounds</u> |
|---|---|---|

(cont'd)

| <u>Name</u> | Proposed length<br>of Deposition | <u>Grounds</u> |
|---|---|---|

    b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

Rev: 4/01

Case Management Report
Page 5

    c. <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

    d. <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before _____ (date).

    4.    <u>Discovery Plan - Defendant</u>:  The parties jointly propose the following Defendant's discovery plan:

    a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1) <u>Requests for Admission</u>:

    Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

    (2) <u>Written Interrogatories</u>:

Rev: 4/01

Case Management Report
Page 6

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

(4) <u>Oral Depositions:</u>

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length <br> <u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|

Rev: 4/01

Case Management Report
Page 7

      b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

      c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

      d.  <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before _____ (date).

     5.    <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

     6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:

Rev: 4/01

Case Management Report
Page 8

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:
Parties agree that the final date for filing motions for leave to file third party claims,
motions to join parties, motions for summary judgment, and all other potentially
dispositive motions should be _____. (Note time limit in Local Rule 4.03.)

8.    <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule
3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent
regarding Alternative Dispute Resolution:

 Parties agree that settlement is
 ___ likely            (check one)
 ___ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and
8.05(b).     _____yes     _____no     _____likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration
pursuant to Chapter Eight of the Local Rules of the Middle District of Florida,  mediation
pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.    <u>Consent to Magistrate Judge Jurisdiction</u>:   The parties agree to consent to
the jurisdiction of the United States Magistrate Judge for final disposition, including trial.
<u>See</u> 28 U.S.C. § 636.
_____yes     _____no     _____likely to agree in future

10.    <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial
conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties

Rev: 4/01

Case Management Report
Page 9

___request  (check one)
___do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling
Order in this Track Two case.  Unresolved issues to be addressed at such a conference
include:

       11.    <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready
for a final pretrial conference on or after _____(date) and for trial on or after _____
_____(date).  This **Jury** ___ **Non-Jury** ___ trial is expected to take approximately ____
hours.

       12.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge
that they are aware of and will comply with pretrial disclosures requirements in Fed. R.
Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

       13.    <u>Other Matters</u>:

Date: _____

Signature of Counsel (with information
required by Local Rule 1.05(d)) and
Signature of Unrepresented Parties

_____

_____

_____

_____

_____

Rev: 4/01

Case Management Report
Page 10

_____

_____

Rev: 4/01

Case Management Report
Page 11



## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Dear Counsel:

Enclosed with this letter is a communication from the Clerk of this Court affording you the opportunity, with the approval of the U.S. District Judge, to consent to the reference of any part or all of the proceedings in this case to a U.S. Magistrate Judge, including reference for final disposition.

Careful consideration should be given to this option.

To assist the federal courts in coping with dramatically increased caseloads, Congress authorized the reference to a U.S. Magistrate Judge of any part or all of the proceedings in a civil case, both jury and non-jury, upon consent of all parties (28 U.S.C. § 636(c)). All of the U.S. District Judges in this District refer cases under this provision to our able and experienced U.S. Magistrate Judges who are almost always able to schedule early and firm trial dates in accordance with the needs of the parties.

Whether to consent to a reference to a U.S. Magistrate Judge is entirely up to you and your client. This case has not been specifically selected for this program; the Clerk sends out this notice in every civil case. If a party declines to consent to a reference, that fact is known only to the Clerk and not to any of the District or Magistrate Judges.

This program has proved to be of great benefit to counsel, client, and the Court.

Sincerely yours,

Patricia C. Fawsett, Chief Judge

Hon. Elizabeth A. Kovachevich

Hon. Harvey E. Schlesinger

Hon. Anne C. Conway

Hon. Steven D. Merryday

Hon. Susan C. Bucklew

Hon. Henry Lee Adams, Jr.

Hon. Richard A. Lazzara

Hon. James D. Whittemore

Hon. John Antoon, II

Hon. John E. Steele

Hon. James S. Moody, Jr.

Hon. Gregory A. Presnell

Hon. Timothy J. Corrigan

Hon. Virginia Covington

Rev: 4/01

AO85A (Rev. 8/98) Consent to Exercise of Jurisdiction by a United States Judge Over Specific Motion(s)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

_____

_____

**v.**                                              **Case No.**

_____                  **CONSENT TO EXERCISE JURISDICTION BY A
                                          UNITED STATES MAGISTRATE JUDGE OVER
_____                  DISPOSITIVE MOTIONS DESCRIBED UNDER 28
                                          U.S.C. § 636(b)(1)(B)**

## CONSENT TO EXERCISE OF JURISDICTION

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings and enter a final order as to each motion identified below.

MOTION(S)        _____

                 _____

                 _____


Party Represented              Signatures                    Date

_____    _____    _____

_____    _____    _____

_____    _____    _____


## ORDER OF REFERENCE

**IT IS ORDERED** that the above motions(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motions(s) in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

_____                _____
Date                               United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM**
       TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# UNITED STATES DISTRICT COURT

|  Middle | District of | Florida |
|---------|-------------|---------|

| | |
|---|---|
| **JUDE GILLESPIE,**<br>Plaintiff<br>V. | NOTICE, CONSENT, AND ORDER OF REFERENCE —<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE |
| Defendant | Case Number:     **Case No. 8:07-cv-662-T-26TBM** |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|-------------------|------------|------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| _____ | _____ |
|-------------------|-------------------|
| Date | United States District Judge |

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED
<u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

MIDDLE   District of   FLORIDA

JUDE GILLESPIE,
                  Plaintiff,

V.                                                  **SUMMONS IN A CIVIL CASE**

KAPLAN UNIVERSITY, a/k/a KAPLAN
COLLEGE, a/k/a IOWA COLLEGE
ACQUISITION CORP.,                         CASE NO: 8:07CV 662-T26TBM
                  Defendants.


TO: (Name and address of Defendant)

      KAPLAN UNIVERSITY a/k/a KAPLAN COLLEGE a/k/a IOWA
      COLLEGE ACQUISITION CORP.
      C/O C.T. CORPORATION SYSTEM
      1200 SOUTH PINE ISLAND ROAD
      PLANTATION, FL 33324 US

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

      JOHN W. ANDREWS, ESQ.
      ANDREWS LAW GROUP
      3220 Henderson Blvd
      Tampa, FL  33609
      (813) 877-1867


an answer to the complaint which is served on you with this summons, within   ___20___   days after service of
this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action
must be filed with the Clerk of this Court within a reasonable period of time after service.


SHERYL L. LOESCH                                    0 3 JUL 2007

_____                    _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

     Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

     Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, Kaplan University ("Defendant"), files its Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint. As grounds for this Motion, Defendant states the following:

1.     Plaintiff filed this action against the Defendant on or about April 16, 2007 for purported violations of the ADA, Florida Civil Rights Act, and Florida's Whistleblower Act.

2.     Plaintiff's Complaint was served upon Defendant on July 12, 2007. Defendant's response to Plaintiff's Complaint is currently due on August 1, 2007 .

3.     The undersigned has just been retained and understands that the record already developed in this case through the administrative claim is voluminous. Defendant, therefore, requests a thirty-day extension of time until August 31, 2007, so

that its counsel can fully evaluate Plaintiff's claims, review the record and do its own investigation, and file its response to Plaintiff's Complaint.

4.     Defendant's counsel certifies that they have conferred with counsel for Plaintiff regarding the instant Motion.  Plaintiff's counsel represented that Plaintiff does not oppose or object to the instant Motion nor to the extension of time sought.

5.     This extension is being requested in good faith and not for purposes of delay.  No party will be prejudiced by the granting of this extension.

WHEREFORE, Defendant respectfully requests that this Court grant an extension of time until August 31, 2007, for Defendant to serve its response to Plaintiff's Complaint.

Respectfully submitted,

**AKERMAN SENTERFITT**
*Attorneys for the Defendant*
One Southeast Third Avenue
25th Floor
Miami, Florida  33131-1714
Phone:  (305) 374-5600
Fax:  (305) 374-5095

By:    /s/ Susan N. Eisenberg
        Susan N. Eisenberg, Esq.
        Florida Bar No.  600393
        susan.eisenberg@akerman.com
        Jennifer M. Taylor, Esq.
        Florida Bar No. 0174203
        jennifer.taylor@akerman.com

- 2 -

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following parties on the attached service list who is a registered CM/ECF attorney this 26th day of July, 2007.

                             By:    /s/ Susan N. Eisenberg        
                                    Attorney

**SERVICE LIST**
**CASE NO.: 8:07-cv-662-T-26-TBM**

John W. Andrews, Esquire
Andrews Law Firm
Attorneys for Plaintiff
3220 Henderson Blvd.
Tampa FL 33609
Telephone:  813/877-1867
Facsimile:  813/872-8298


Susan N. Eisenberg, Esquire
Jennifer Taylor, Esquire
Akerman Senterfitt
Attorneys for Defendant
1 S.E. 3rd Avenue
25th Floor
Miami, FL  33131
Telephone:  305/374-5600
Facsimile:  305/374-5095
susan.eisenberg@akerman.com

- 4 -

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

      Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR
EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

      THIS CAUSE having come before the Court on Defendant's Unopposed Motion

for Extension of Time to Respond to Plaintiff's Complaint, and the Court having

reviewed said Motion, and the Court being otherwise fully advised in the premises, it is

      ORDERED AND ADJUDGED that said Motion is GRANTED.  Defendant shall

have through and including August 31, 2007, to serve its response to Plaintiff's

Complaint.

      DONE AND ORDERED in chambers this _____ day of _____, 2007.


                      _____
                      UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:

Susan N. Eisenberg, Esquire
Jennifer M. Taylor, Esquire
John W. Andrews, Esquire

{M2579735;1}

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE.

     Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

     Defendant.

_____/

### ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE having come before the Court on Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, and the Court having reviewed said Motion, and the Court being otherwise fully advised in the premises. it is

ORDERED AND ADJUDGED that said Motion is GRANTED. Defendant shall have through and including August 31, 2007, to serve its response to Plaintiff's Complaint.

DONE AND ORDERED in chambers this 27 day of _____, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to:

Susan N. Eisenberg. Esquire
Jennifer M. Taylor, Esquire
John W. Andrews, Esquire

{M2579735;1}

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

     Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

     Defendant.

_____/

## DEFENDANT'S PARTIAL MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

Defendant, KAPLAN UNIVERSITY a/k/a, KAPLAN COLLEGE, a/k/a, IOWA COLLEGE ACQUISITION CORP., (the "Defendant"), through its counsel, and pursuant to Rule 12b(6) of the Federal Rules of Civil Procedure, hereby files Defendant's Partial Motion to Dismiss Count IV of the Complaint, and state as follows:

Plaintiff filed a Complaint in this action on April 16, 2007, attempting to allege the following claims: retaliation under the Americans With Disabilities Act ("ADA")(Count I); retaliation under the Florida Civil Rights Act of 1992 ("FCRA") (Count II); retaliation under Florida's Private Sector Whistleblower Statute ("Florida's Whistleblower Act"), (Count III); a claim under the False Claim Act ("FCA")[1] and; a claim for intentional infliction of emotional distress (Count IV). Count IV of the

_____

[1] The claim under the FCA is not a numbered Count in the Complaint.

{M2579113;3}

Complaint fails to state a claim upon which relief can be granted, therefore, it should be dismissed.

## MEMORANDUM OF LAW

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal where a complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P 12(b)(6). To warrant dismissal of a complaint under Rule 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Alabama, 30 F. 3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Dismissal of the complaint is appropriate in situations where there exists no construction of the factual allegations sufficient to support the cause of action. See Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Consistent with the above standard, Counts I and V of the Complaint should be dismissed with prejudice.

## POINT I

### PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND, THEREFORE, COUNT IV OF THE COMPLAINT SHOULD BE DISMISSED.

A viable claim for intentional infliction of emotional distress must contain the following four elements: 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous; 3) the conduct caused emotional distress; and 4) the emotional distress was severe. Hart v. U.S., 894 F.2d 1539 (11th Cir. 1990); De La Campa v. Grifols America, Inc., 819 So. 2d 940 (Fla. 3d DCA 2002). Plaintiff's Complaint fails to

CASE NO.: 8:07-cv-662-T-26-TBM

allege facts to support any of these elements, but it is with the second element that the Complaint most glaringly fails. What constitutes outrageous conduct is a question for the trial court to determine as a matter of law. <u>Grifols</u>, 819 So. 2d 940 (Fla. 3d DCA 2002); <u>Johnson v. Thigpen</u>, 788 So. 2d 410, 413 (Fla. 1st DCA 2001).

Outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." <u>Metropolitan Life Ins. Co. v. McCarson</u>, 467 So. 2d 277 (Fla. 1985); <u>Johnson v. State Dep't of Heath and Rehabilitative Servs.</u>, 695 So. 2d 927 (Fla. 2d DCA 1997).

Plaintiff's claim for intentional infliction of emotional distress is nothing more that a recounting of previously alleged claims. Where a plaintiff alleges intentional infliction of emotional distress based on other conduct, but adds no facts to support the claim, the plaintiff fails to state an independent tort, requiring dismissal of the claim. <u>See Lay v. Roux Laboratories, Inc.</u>, 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (where employee brought action against her employer alleging employer threatened her with loss of her job and used racial epithets and called her a nigger, complaint was properly dismissed because it failed to state a cause of action for the independent tort of intentional infliction of emotional distress).

Plaintiff bases his claim for intentional infliction of emotional distress on other, previously pled, retaliatory conduct. Namely, the Plaintiff merely states that "[b]ecause [Plaintiff] objected to an refused to participate in Kaplan's activity, Kaplan set out to destroy [Plaintiff] and his mental health]" Complaint ¶ 59. However, Plaintiff provides

not additional information as to how an independent tort arises for intentional infliction of emotional distress, beyond those already alleged in earlier claims (i.e., retaliation based under the Florida Whistleblower Act). Clearly, this claim for intentional infliction of emotional distress is merely a repetition of claims already set forth in the Complaint, and should be dismissed because it does not state a independent tort.

Furthermore, Florida courts have rarely applied the tort of intentional infliction of emotional distress in the employment context. See Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1358 (M.D. Fla. 1999) (Florida law has a "strong disfavor" for claim of intentional infliction of emotional distress arising in the workplace); Gillis v. The Sports Authority, Inc., 123 F. Supp. 2d 611, 616 (S.D. Fla. 2000) ("Thus far, Florida courts have been hesitant to find sufficiently 'outrageous' conduct based on alleged acts of abuse in the workplace….[citations omitted] Florida courts have construed the parameters of this cause of action extremely narrowly."). The employer's conduct must be deemed so atrocious as to be utterly intolerable to a civilized society. State Farm Mut. Auto Ins. Co. v. Novotny, 657 So. 2d 1210, 1212-13 (Fla. 5th DCA 1995). The subjective responses of the individual exposed to the conduct does not control. Dependable Life Ins. Co. v. Harris, 510 So. 2d 985, 988 (Fla. 5th DCA 1987).

Plaintiff claims that the "Kaplan set out to destroy [him] and his mental health." Complaint ¶¶ 59. Terminating an individual from his employment is far from the conduct that is required to support a claim for intentional infliction of emotional distress. While the Defendant intended to sever its relationship with Plaintiff, the Plaintiff alleges no conduct that can be characterized as so extreme in degree to go beyond all possible

bounds of decency. Indeed, Florida courts have repeatedly dismissed intentional infliction of emotional distress claims based on workplace conduct far more egregious than any conduct the Plaintiff alleges in his Complaint. See <u>Vance v. Bell South Tel. & Tel. Co.</u> 983 F.2d 1573, 1575 n.7 (11th Cir. 1993) (defendant employer was not liable for intentional infliction of emotional distress, where the conduct of the employer, including the hanging of a rope "noose" over the plaintiff's work station, did not rise to the level of being extreme and outrageous so as to permit a claim for intentional infliction of emotional distress); <u>Weld v. Southeastern Cos., Inc.,</u> 10 F. Supp. 2d 1318 (M.D. Fla. 1998) (defendant supervisor's alleged comment that he preferred the front desk to be manned by "non-ethnics," combined with a subsequent altercation in another supervisor's office that purportedly made the plaintiff, a Mexican-American employee, cry, were not sufficiently egregious to give rise to the employee's claim of intentional infliction of emotional distress); <u>Williams v. Worldwide Flight Serv., Inc.,</u> 877 So. 2d 869 (Fla. 3d DCA 2004) (supervisor's alleged conduct of calling the African-American employee a "nigger" and "monkey" and constantly threatening the employee with job termination for no apparent reason did not rise to the level that could be reasonably regarded as so extreme and outrageous so as to permit the employee to recover damages for intentional infliction of emotional distress); <u>Vamper v. United States Parcel Serv., Inc.,</u> 14 F. Supp.2d 1301, 1306 (S.D. Fla. 1998) (intentional infliction of emotional distress claim dismissed where, among other acts of hostility, supervisor told employees false story about plaintiff and referred to plaintiff as a "nigger" in Spanish).

CASE NO.: 8:07-cv-662-T-26-TBM

Accordingly, in light of the high burden that must be met in Florida to hold a claim for intentional infliction of emotional distress, particularly in the employment context, the conduct alleged by the Plaintiff does not nearly approach what is required. Therefore, Count IV of the Complaint should be dismissed

## CONCLUSION

For the forgoing reasons, Defendant Kaplan University respectfully requests that the Court dismiss Count IV of the Complaint with prejudice, and requests other and further relief as the Court deems proper.

Dated: August 31, 2007

Respectfully submitted,

AKERMAN SENTERFITT
*Attorneys for the Defendant*
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095

By:     /s/ Susan N. Eisenberg
        Susan N. Eisenberg, Esq.
        Florida Bar No. 600393
        susan.eisenberg@akerman.com
        Jennifer M. Taylor, Esq.
        Florida Bar No. 0174203
        jennifer.taylor@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following parties on the attached service list who is a registered CM/ECF attorney this 31st day of August, 2007.

        /s/ Susan N. Eisenberg
        Attorney

CASE NO.: 8:07-cv-662-T-26-TBM

## <u>SERVICE LIST</u>
### CASE NO.: 8:07-cv-662-T-26-TBM

John W. Andrews, Esquire
Andrews Law Firm
Attorneys for Plaintiff
3220 Henderson Blvd.
Tampa FL 33609
Telephone:  813/877-1867
Facsimile:  813/872-8298

Susan N. Eisenberg, Esquire
Jennifer Taylor, Esquire
Akerman Senterfitt
Attorneys for Defendant
1 S.E. 3rd Avenue
25th Floor
Miami, FL  33131
Telephone:  305/374-5600
Facsimile:  305/374-5095
susan.eisenberg@akerman.com

AKERMAN SENTERFITT, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

      Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

      Defendant.

_____/

## DEFENDANT'S  MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COUNTS IN THE COMPLAINT DEFENDANT WILL NOT MOVE TO DISMISS

      Defendant, Kaplan University ("Defendant"), files its Motion for an Extension of Time to Respond to Counts I, II, III and the claim under the False Claim Act[1] in Plaintiff's Complaint.  As grounds for this Motion, Defendant states the following:

      1.      Plaintiff filed this action against the Defendant on or about April 16, 2007 for purported violations of the ADA (Count I), Florida Civil Rights Act (Count II), Florida's Private Sector Whistleblower Act (Count III), the False Claim Act and a claim for intentional infliction of emotional distress (Count IV).  Pursuant to this Court's July 27, 2007 Order granting Defendant's Unopposed Motion for Extension of Time [D.E. 5], Defendant's response to Plaintiff's Complaint is currently due on August 31, 2007.

---

[1] The claim under the False claim Act is not a numbered Count in the Complaint.

2.     The Defendant has simultaneously filed a motion to dismiss Plaintiff's claim for intentional infliction of emotional distress (Count IV) for failure to state a claim upon which relief can be granted ("Motion to Dismiss").

3.     Defendant requests a further extension of time to file its answer to the remaining Counts of the Complaint it is not seeking to dismiss, specifically Count I under the ADA, Count II under the FCRA, Count III under Florida's Private Sector Whistleblower Act, and the un-numbered Count under the False Claim Act (the "Remaining Counts") until ten (10) days after the ruling on the Motion to Dismiss.

4.     However, if the Court is not inclined to permit the Defendant to answer the Remaining Counts until after the ruling on the Motion to Dismiss, then, alternatively, the Defendant requests a stay of all discovery pending the Court's ruling on Defendant's Motion to Dismiss.

5.     Defendant's counsel certifies that they have conferred with counsel for Plaintiff regarding the instant Motion and were unable to agree regarding the relief sought herein.

6.     This extension is being requested in good faith and not for purposes of delay.  No party will be prejudiced by the granting of this extension.

## MEMORANDUM OF LAW

In *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997), the Eleventh Circuit held that a motion to dismiss based upon legal sufficiency of a claim should be resolved <u>before</u> discovery begins because:

{M2592522;1}

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1368.

This principle has repeatedly been affirmed by the Eleventh Circuit since *Chudasama* was decided. *See e.g., Moore v. Potter*, 141 Fed.Appx. 803 (11th Cir. 2005) (finding no error in the district court's imposition of a stay of discovery pending the resolution of a motion to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (district court did not err in suspending discovery because "there was no need for discovery before the district court ruled on [dispositive] motions"); *Patterson v. U.S. Postal Service*, 901 F.2d 927 (11th Cir. 1990) (where a motion to dismiss or for summary judgment was pending, the district court did not abuse its discretion in staying discovery where it had sufficient information upon which to rule).

If the Defendant is required to answer the Remaining Counts of the Complaint prior to the ruling on the Motion to Dismiss and the case proceeds through the pretrial process, the parties run the risk of incurring unnecessary costs of conducting discovery as

to nonmeritorious claims. Therefore, in seeking to be permitted to answer the Remaining Counts after the ruling on the Motion to Dismiss, the Defendant seeks to avoid any waste of resources or increased costs occasioned by allowing this case to proceed through the pretrial processes with potentially invalid claims.

Finally, even were the Motion to Dismiss not granted, no prejudice to plaintiffs would result from a stay. No documents or records would be lost, nor is there any danger that witnesses pertinent to any viable claim will disappear. Ultimately, a stay of discovery would potentially save tremendous time and expense to the benefit of both the parties and the Court with little, if any, risk of negative repercussions.

WHEREFORE, Defendant respectfully requests that this Court grant an extension of time until ten days after the ruling on the Motion to Dismiss, for Defendant to serve its answer to the Remaining Counts of Plaintiff's Complaint.

Respectfully submitted,

**AKERMAN SENTERFITT**
*Attorneys for the Defendant*
One Southeast Third Avenue
25th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095


By:    /s/ Susan N. Eisenberg
         Susan N. Eisenberg, Esq.
         Florida Bar No. 600393
         susan.eisenberg@akerman.com
         Jennifer M. Taylor, Esq.
         Florida Bar No. 0174203
         jennifer.taylor@akerman.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following parties on the attached service list who is a registered CM/ECF attorney this 31st day of August, 2007.

By:     /s/ Susan N. Eisenberg
           Attorney

{M2592522;1}

**<u>SERVICE LIST</u>**
**CASE NO.: 8:07-cv-662-T-26-TBM**

John W. Andrews, Esquire
Andrews Law Firm
Attorneys for Plaintiff
3220 Henderson Blvd.
Tampa FL 33609
Telephone: 813/877-1867
Facsimile: 813/872-8298


Susan N. Eisenberg, Esquire
Jennifer Taylor, Esquire
Akerman Senterfitt
Attorneys for Defendant
1 S.E. 3rd Avenue
25th Floor
Miami, FL 33131
Telephone: 305/374-5600
Facsimile: 305/374-5095
susan.eisenberg@akerman.com

{M2592522;1}

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

      Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

      Defendant.

_____/

## DEFENDANT'S MOTION TO TRANSFER ACTION
## AND INCORPORATED MEMORANDUM OF LAW

Defendant Kaplan University, ("Defendant" or "Kaplan"), through its undersigned counsel and pursuant to 28 U.S.C. § 1404(a), hereby moves to transfer this action from the United States District Court for the Middle District of Florida ("Middle District") to the United States District Court for the Southern District of Florida ("Southern District"). In support of this motion, Defendant states the following:

### I. INTRODUCTION

The Southern District is a much more convenient venue for this litigation. Indeed, this lawsuit has no meaningful connection to the Middle District at all. The Defendant, a provider of online educational and career services, is incorporated in Delaware, with its principle place of business in Ft. Lauderdale, Florida. *See* Affidavit of Melissa Martin ¶¶4-5, a copy of which is submitted in support of this motion and attached hereto as Exhibit "A". The Plaintiff alleges that he was employed by the

{M2579150;1}

Defendant as an associate professor and course developer for Kaplan's School of Paralegal Studies, and later as a Department Chair within the School of Paralegal Studies. At all times material to the allegations in the Complaint, Plaintiff was employed in Defendant's Boca Raton location or worked remotely from his residence in Miami Beach. Exhibit "A", Martin Aff. at ¶ 7. As such, the conduct complained of occurred exclusively within the Southern District.

On April 16, 2006, the Plaintiff filed this action against Defendant. The Defendant was served on July 12, 2007. The Complaint raises the following claims: retaliation under the Americans With Disabilities Act ("ADA")(Count I); retaliation under the Florida Civil Rights Act of 1992 ("FCRA") (Count II); retaliation under the Florida Private Sector Whistle Blower's Act ("FWBA")(Count III); a claim under the False Claim Act ("FCA") and; a claim for intentional infliction of emotional distress (Count IV). All allegations in the Complaint arise out of Plaintiff's employment with the Defendant.

Accordingly, all acts and/or omissions alleged in the Complaint occurred within the Southern District. Furthermore, none of Defendant's relevant employees, former employees, operations or documents are located within the Middle District, but, in large part, are located in the Southern District. Exhibit "A", Martin, Aff. at ¶¶ 12-13. During all relevant times, upon information and belief, Plaintiff resided in Miami Beach and Plaintiff currently resides in Miami Beach, which is also within the boundaries of the Southern District. Exhibit "A", Martin Aff. at ¶ 8. Because the Southern District is a more convenient venue for the parties to litigate this action, this case should be

{M2579150;1}

2

transferred there.  Moreover, this case is in its early stage as this Motion is being filed simultaneously with Defendant's Partial Motion to Dismiss.  Therefore, in the event this case is transferred, very little, if any, judicial time or effort would have been wasted.

## II.  APPLICABLE STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought."  28 U.S.C. § 1404(a).  "The decision  to transfer a case to another district is left to the sound discretion of the trial court."  *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991).  "The plaintiff's statutory privilege of choosing his forum is a factor, held to varying degrees of esteem, to be weighed against other factors in determining the convenient forum."  *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).  "Ultimately the trial judge must use his discretion."  *Garner*, 433 F.2d at 119.

## III.  ANALYSIS.

The question of whether to transfer the venue of a case under § 1404(a) is a two pronged inquiry.  *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, No. 06-14146-CIV-MOORE/LYNCH, 2007 WL 1141491 at *2 (S.D. Fla., April 17, 2007).  The court must first decide whether the action could originally have been brought in the desired venue.  *Id*.  The second prong involves an element-by-element analysis and requires the court to balance private and public factors to determine if transfer is justified.  *Id.*

{M2579150;1}

3

**A.      Venue is Proper In Southern District Because This Action Could Have Originally Been Brought in There.**

As to the first inquiry, venue is proper in the Southern District pursuant to 28 U.S.C. 1391.  Section §1391(b) provides that "a civil action . . .may be brought only in a judicial district where the defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be commenced.  28 U.S.C. § 1391(b).  For purposes of venue, a defendant that is a corporation resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).

As Defendant's principle place of business is in Ft. Lauderdale, Florida, there is no question that the Defendant resides within the Southern District and is subject to personal service there.  *See* Fla. Stat. § 48.193;  *see also* Exhibit "A", Martin Aff. ¶ 4.  Furthermore, all of the events or omissions giving rise to Plaintiff's claims occurred within the Southern District.  Exhibit "A", Martin Aff. ¶¶ 7, 8 and 10.  Accordingly, this action could have originally been brought in the Southern District and venue is therefore appropriate there.

**B.      The Convenience of the Parties and Witnesses and the Interest of Justice Favor Transfer.**

In addition, in determining whether to transfer, this Court considers the following factors: (1) convenience of the witnesses; (2) the location of the relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) locus of

the operative facts; (5) availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded plaintiff's initial choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Colorado Boxed Beef Co. v. Coggins*, No. 8:07-cv-002230T-24-MAP, 2007 WL 917302 at *3 (M.D. Fla., March 23, 2007). In this case, the balance of convenience is strongly in favor of transfer because each of these factors outweighs any presumption in favor of the Plaintiff's choice of forum. Thus, for the convenience of the parties and witnesses, and in the interest of justice, the Southern District is the better forum for this dispute.

### 1. Convenience of the Parties and Witnesses Weighs in Favor of Transfer

Where the majority of the witnesses are located in the transferee district, this factor weighs in favor of transfer to that district. *See Jewelmasters, Inc. v. May Dep't Stores Co.*, 840 F. Supp. 893, 895-96 (S.D. Fla. 1993). The relevant Kaplan office is located in Ft. Lauderdale, within the Southern District. *See* Exhibit "A", Martin Aff. ¶ 7. As such, many of the Defendant's material witnesses—Kaplan employees and former employees—are also located there. Exhibit "A", Martin Aff. ¶ 12. Indeed, none of the Defendant's anticipated witnesses are located within the Middle District. *Id.* The prolonged absence of some of the Defendant's employees, some of whom are instructors, who may have to attend trial, is likely to cause disruption to Kaplan's overall business operations. *Id.* at ¶ 16.

Presumably, since all of the events giving rise to Plaintiff's allegations occurred in or around Boca Raton or Miami Beach, Plaintiff's witnesses are likely to be located

within the Southern District as well. Since it is likely that the majority of the parties' material witnesses are located within the Southern District, it would be less convenient for both parties and their witnesses to travel to the Middle District to litigate this action. *See* Exhibit "A", Martin Aff. ¶ 17. Significantly, as the majority of the witnesses reside within the Southern District, should this action be permitted to remain in the Middle District, the parties will not be able to compel the testimony of unwilling non-party witnesses who reside in the Southern District.[1] *See* Fed R. Civ. P. 45(e).

Ultimately, transferring venue to the Southern District would prove more convenient for both the Plaintiff and Defendant with respect to the expense of litigating this action, including their own travel expenses and the expense of procuring live witness testimony. The convenience of the parties, therefore, weighs heavily in favor of transfer.

### 2. Location of the Relevant Documents and the Relative Ease of Access to Sources of Proof Weighs in Favor of Transfer.

In determining whether to transfer an action, the fact that the majority of the relevant documents are located in the transferee district is given considerable weight. *See Jewelmasters*, 840 F. Supp. at 896-97. The proof necessary in this case will primarily involve witness testimony and documentation. As previously discussed, the expense and ease of procuring live witness testimony supports transfer of venue. Equally as important as live testimony of witnesses is access to the relevant documents. *See id.* at 896. None one the Defendant's documents are located in the Middle District. Exhibit "A", Martin Aff. ¶ 13. Rather, most of Defendant's critical documents are located in the Southern

---

[1] The "convenience of the witnesses" factor necessarily encompasses the fifth factor—the availability of process to compel the attendance of unwilling witnesses. *See e.g., Sterling v. Provident Life and Accident Ins. Co.*, No. 8:06-cv-2334-T-17TGW, 2007 WL 1789114 at *6 (M.D. Fla. June 19, 2007).

District. *Id.* Likewise, Plaintiff's documents would also likely be located in the Southern District since the operative events occurred there and because Plaintiff resided in Miami Beach during his tenure with Kaplan, and is believed to still reside there. Thus, access to the documentary evidence would prove much more convenient for the parties in the Southern District. As a result, this factor also favors transfer.

### 3. Locus of the Operative Facts Weighs in Favor of Transfer

Courts favor transfer to a district where the operative events occurred. *See Breland v. ACT Vancom, Inc.,* 212 F.R.D. 475, 476 (E.D. Pa. 2002) (proper venue for Title VII employment discrimination suit was district in which alleged discrimination occurred); *Hernandez v. Graebel Van Lines,* 761 F. Supp. 983, 989-990 (E.D.N.Y. 1991) (transfer ordered to district in which accident took place when none of the operative events took place in transferor district). None of the operative events in this lawsuit took place within the Middle District. *See* Exhibit "A", Martin Aff. ¶11 and 15. All allegations in the Complaint arise out of Plaintiff's employment with the Defendant in Boca Raton or Miami Beach. *Id.* at ¶7. Accordingly, all acts and/or omissions alleged in the Complaint occurred within the Southern District. *See id.* ¶11. In fact, Plaintiff alleges no facts that involve events that occurred outside of the boundaries of the Southern District. *See* Compl. Therefore, this factor weighs in favor if transfer.

### 4. The Relative Means of the Parties Weighs in Favor of Transfer.

As previously discussed with the first factor—convenience of the parties and witnesses—this factor weighs in favor of transfer. As both parties would incur less

expense in litigating this action if it were transferred to the Southern District, this factor weighs in favor of transfer.

### 5. The Forum's Familiarity With The Governing Law Is a Neutral Factor

This factor is a neutral factor because both the Middle and Southern Districts are equally familiar with the federal laws—ADA and FCA—and the Florida law—FWBA and FCRA— involved in resolving this litigation. Even though the Middle and Southern Districts are within the same State, transfer is still appropriate because, as set forth above, it will be exceedingly more convenient for both parties to litigate this action in the Southern District. *See e.g.*, *Brown v. Connecticut General Life Ins.*, Co., 934 F.2d 1193, 1196-97 (11th Cir 1991) (affirming district court's transfer of case from the Southern District of Alabama to the Northern district of Alabama); *United States Fidelity & Guaranty Co., v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1083 (S.D.N.Y. 1992) (transferring action from the Southern District of New York to the Western District of New York in the interest of justice).

### 6. Plaintiff's Initial Choice of Forum Does Not Weigh Against Transfer.

Although generally given significant weight, a plaintiff's choice of forum is accorded less weight if the plaintiff does not reside within that forum. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp.2d 409, 411 (S.D.N.Y. 2006); *Traynor v. Brown,* 913 F. Supp. 388, 391 (E.D. Pa. 1996). Moreover, courts assign less weight to plaintiff's choice of forum if the operative events did not take place there. *See Proven Winners North America v. Cascade Greenhouse*, No. 06-CV-428-FtM-29DNF, 2007 WL 1655387

at *2 (M.D. Fla. June 6, 2007) (because key operative facts did not occur in the Middle District, Court gave less weight to plaintiff's choice of forum);  *see also Traynor*, 913 F. Supp. at 391 (granting transfer to district in which alleged medical malpractice occurred, as medical records, defendant's and most witnesses were located there, and plaintiffs were not residents of chosen forum); *Anadigics, Inc. v. Raytheon, Co.,*  903 F.Supp. 615, 617 (S.D.N.Y. 1995) (transfer granted where only connection between the lawsuit and the chosen district was fact that defendant did business there).

Plaintiff does not reside within the boundaries of the Middle District, but rather, upon information and belief, resides within the Southern District. Exhibit "A", Martin Aff. ¶ 8.  Indeed, Plaintiff resided in Miami Beach during his entire tenure with Kaplan. *Id.*  As all allegations in the Complaint arise out of Plaintiff's employment with the Defendant in Boca Raton or Miami Beach, all operative events took place within the Southern District.  The only connection this lawsuit appears to have to the chosen district is that it is where Plaintiff's counsel is located.  However, location of plaintiff's counsel is not an appropriate consideration in determining whether to transfer action under 28 U.S.C. §1404(a). *See Cellularvision Tech.*, 2007 WL 1141491 at *3.    Therefore, Plaintiff's choice of forum should not be accorded much weight.  Plaintiff does not reside within the Middle District and no operative events occurred there.  Accordingly, this factor outweighs any presumption in favor of the Plaintiff's choice of forum.

> **7.    Trial Efficiency and the Interests of Justice Weighs in Favor of Transfer.**

As previously discussed, Plaintiff resided in the Southern District during his tenure with Kaplan, and is believed to still reside there.  Ex A, Martin Aff. ¶8.

Defendant's relevant office is located within the Southern District, and none of the parties' material evidence appears to be located within the Middle District.  Litigating this action in the Southern District would, therefore, be more efficient, less disruptive and less expensive for both parties.  Otherwise, the parties and their witnesses would be required to travel to the Middle District to attend a trial that may continue for an extended length of time.

Moreover, this case is in its early stage.  To date, the Complaint is the only pleading that has been filed in this action.  Indeed, this motion is the Defendant's first substantive submission in this action.[2]  Accordingly, this Court has not invested any judicial time and effort in this matter that transfer would render wasted.  The interest of justice would be served if this case were to be transferred to the Southern District.

## CONCLUSION

The factors considered above show that the balance of convenience is strongly in favor of transfer.  Therefore, this case should be transferred to the United States District Court for the Southern  District of Florida.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Counsel for the parties have conferred with each other and were unable to agree regarding the relief sought herein.

---

[2] Simultaneously with the filing of this motion, Defendant has also filed a partial motion to dismiss the complaint.

{M2579150;1}

10

Dated this 31st day of August, 2007.

Respectfully submitted,

**AKERMAN SENTERFITT**
*Attorneys for the Defendant*
One Southeast Third Avenue
25th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095


By:  ___/s/ Susan N. Eisenberg_____
       Susan N. Eisenberg, Esq.
       Florida Bar No. 600393
       susan.eisenberg@akerman.com
       Jennifer M. Taylor, Esq.
       Florida Bar No. 0174203
       jennifer.taylor@akerman.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following parties on the attached service list who is a registered CM/ECF attorney this 31st day of August, 2007.

       _____/s/ Susan N. Eisenberg_____
       Attorney


{M2579150;1}

11

**<u>SERVICE LIST</u>**
**CASE NO.: 8:07-cv-662-T-26-TBM**

John W. Andrews, Esquire
Andrews Law Firm
Attorneys for Plaintiff
3220 Henderson Blvd.
Tampa FL 33609
Telephone: 813/877-1867
Facsimile: 813/872-8298

Susan N. Eisenberg, Esquire
Jennifer Taylor, Esquire
Akerman Senterfitt
Attorneys for Defendant
1 S.E. 3rd Avenue
25th Floor
Miami, FL 33131
Telephone: 305/374-5600
Facsimile: 305/374-5095
susan.eisenberg@akerman.com

{M2579150;1}

12

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

     Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

     Defendant.

_____/

## AFFIDAVIT OF MELISSA MARTIN

STATE OF FLORIDA    )
                        ss:
COUNTY OF BROWARD  )

     BEFORE ME, the undersigned authority, personally appeared Melissa Martin, who, being duly sworn, deposes and states as follows:

     1.     I am Melissa Martin. I am over 18 years of age, and I have personal knowledge of the facts contained herein, each of which is true and correct. If called to testify in this action, I can competently do so.

     2.     I am currently employed by the defendant Kaplan University ("Kaplan") as the Executive Director of Human Resources Operations and am located in Kaplan's Ft. Lauderdale office. As such, I am thoroughly familiar with Kaplan's business affairs.

     3.     I reside in Broward County, which is located within the boundaries of the United States Court for the Southern District of Florida ("Southern District").

4. Kaplan is a Delaware corporation with its principal place of business in Ft. Lauderdale, Florida.

5. Kaplan is a provider of online educational and career services.

6. Jude Gillespie ("Plaintiff") alleges he was employed by Kaplan as an associate professor and course developer for Kaplan's School of Paralegal Studies, and later as a Department Chair within the School of Paralegal Studies.

7. Plaintiff was employed with Kaplan from May 2004 to April 2005. During Plaintiff's employment with Kaplan, Plaintiff was located in Kaplan's Boca Raton, Florida office until shortly before that office was relocated to Ft. Lauderdale, Florida in or around January 2005. Thereafter, Plaintiff worked remotely from his residence in Miami Beach, Florida.

8. Plaintiff resided in Miami Beach, Florida during his tenure with Kaplan. Kaplan's last known address for Plaintiff is in Miami Beach, Florida.

9. I have reviewed the complaint filed in this Court in *Jude Gillespie v. Kaplan University*, Case No.: 8:07-cv-01231-SCB-EAJ, along with the exhibits to the complaint (the "Complaint").

10. I am personally familiar with facts and circumstances regarding the dispute between Plaintiff and Kaplan.

11. All of the allegations in the Complaint arise out of Plaintiff's employment with Kaplan in its Boca Raton office or while he worked remotely from his residence in Miami Beach.

12. None of Kaplan's anticipated witnesses are located within the boundaries of the United States Court for the Middle District of Florida ("Middle District"). Many of Kaplan's

critical witnesses are Kaplan employees and former employees who are located within the jurisdiction of the Southern District.

13.     None of Kaplan's documents or information relevant to this case are located in Tampa, Florida or within the boundaries of the Middle District.  Rather, most of Kaplan's critical documents and information are located within the Southern District.

14.     Plaintiff's witnesses and documentary evidence relating to his employment with Kaplan are likely to be located within the Southern District since all of the events underlying his claims occurred in or around Boca Raton, Ft. Lauderdale or Miami Beach, and Plaintiff resided in Miami Beach when he was employed by Kaplan.

15.     To my knowledge, this action does not have any connection with any of the jurisdictions located within the Middle District.

16.     If this action were permitted to go forward in the Middle District, the parties' witnesses and documents would have to be transported to Tampa, Florida.  The diversion of Kaplan's witnesses from the Southern District to Tampa for pre-trial and trial procedures would significantly impair the operations of Kaplan.  This would be inordinately burdensome and needlessly inconvenient in terms of unnecessary financial burdens, travel, lodging, and disruption in the work and personal schedules of the witnesses.

FURTHER AFFIANT SAYETH NOT.

{M2586983;1}

3

## VERIFICATION

_____
Signature

STATE OF FLORIDA )
                        )ss
COUNTY OF Broward )

    The foregoing instrument was acknowledged before me this ___30___ day of August, 2007, by _Melissa Martin_____, who is personally known to me or has produced _FL Dr. Lic and Work ID___ as identification.

My Commission Expires:
    April 20, 2008

_____
NOTARY PUBLIC

Print Name _Ronald J Hyman_____

Commission No.: _DD 311741_

           **[NOTARIAL SEAL]**



Ronald J Hyman
My Commission DD311741
Expires April 20, 2008

{M2586983;1}

4

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUDE GILLESPIE,

      Plaintiff,

v.                            CASE NO:  8:07-cv-662-T-26TBM

KAPLAN UNIVERSITY a/k/a
KAPLAN COLLEGE a/ka/
IOWA COLLEGE ACQUISITION CORP.

      Defendant.

_____/

# O R D E R

Upon due consideration, it is ordered and adjudged as follows:

1) Defendant's Partial Motion to Dismiss Count IV of Plaintiff's Complaint (Dkt. 6) is denied without prejudice.  Inasmuch as Plaintiff's complaint alleges other causes of action which will be the subject of discovery, the Court prefers to address the issue of whether Plaintiff can establish a claim for intentional infliction of emotional distress within the context of a motion for summary judgment after the record has been more fully developed.

2) Defendant's Motion for Extension of Time (Dkt. 7) is granted.  Defendant shall file its answer and defenses to Plaintiff's complaint within 10 days of this order.

3) Plaintiff shall file a response to Defendant's Motion to Transfer Action on or before September 17, 2007.  The Court will conduct a hearing on the motion on

Wednesday, September 19, 2007, at 8:30 a.m., in Courtroom 15B, United States

Courthouse, 801 North Florida Avenue, Tampa, Florida.

**DONE AND ORDERED** at Tampa, Florida, on September 4, 2007.


   *s/Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:07-cv-662-T-26-TBM

JUDE GILLESPIE,

      Plaintiff,

vs.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a, IOWA
COLLEGE ACQUISITION CORP.,

      Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

      Defendant, KAPLAN UNIVERSITY  a/k/a, KAPLAN COLLEGE a/k/a, IOWA COLLEGE ACQUISITION CORP., (the "Defendant"), hereby files Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

      1.     Defendant admits that Plaintiff purports to bring this action arising out of his employment with and termination from the Defendant.  Defendant denies that it owes Plaintiff any damages.  Defendant admits that Plaintiff purports to demand trial by jury but denies that there are any issues so triable in this action.

      2.     Upon information and belief, Defendant admits the allegation contained in paragraph 2 of the Complaint.

      3.     Defendant admits the allegations contained in paragraph 3 of the Complaint.

{M2579025;1}

**Akerman Senterfitt, One Southeast Third Avenue, Suite 2500, Miami, FL  33131-1714**

4.      Defendant denies that Plaintiff was employed by Defendant in April 2004 but admits the remaining allegations contained in paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint, including Subparts a through c.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits that it receives federal revenue.  Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits that it is subject to the Rehabilitation Act.  Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     Defendant is without sufficient knowledge with respect to the allegations contained in paragraph 13 of the complaint and therefore denies same.

14.     Defendant is without sufficient knowledge with respect to the allegations contained in paragraph 14 of the complaint and therefore denies same.

15.     Defendant is without sufficient knowledge with respect to the allegations contained in paragraph 15 of the complaint and therefore denies same.

16.     Defendant is without sufficient knowledge with respect to the allegations contained in paragraph 14 of the complaint and therefore denies same.

17.     Defendant denies the allegation contained in paragraph 17 of the Complaint.

18.     Defendant admits that Plaintiff purports to bring this action under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq*., the Florida Civil Rights Act, Fla. Stat. §760 *et. seq*., and the Florida Private Sector Whistleblower Act, Fla. Stat.§ 448.101 *et. seq*.  Defendant denies that Plaintiff brings this action under the Rehabilitation Act, as amended, and the Family Medical Leave Act.

19.     Defendant admits that the Court has jurisdiction over this action.

**COUNT I**
**UNLAWFUL RETALIATION IN VIOLATION OF THE ADA**

Defendant realleges and reincorporates its answers set forth in paragraphs 1-19 above.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the

Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies any violation of the ADA. Defendant is without

sufficient knowledge as to the remaining allegations contained in paragraph 34 of the Complaint and therefore denies same.

In response to the unnumbered WHEREFORE clause following paragraph 34 of the Complaint, Defendant denies that Plaintiff is entitled to any such relief.

**COUNT II**
**UNLAWFUL RETALIATION**
**VIOLATION OF FLORIDA STATUTE 760. et seq.**

Defendant realleges and reincorporates its answers set forth in paragraphs 1-19 above.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

{M2579025;1}

AKERMAN SENTERFITT, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies any violation of the Florida Civil Rights Act. Defendant is without sufficient knowledge as to the remaining allegations contained in paragraph 51 of the Complaint and therefore denies same.

In response to the unnumbered WHEREFORE clause following paragraph 51 of

AKERMAN SENTERFITT, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714

the Complaint, Defendant denies that Plaintiff is entitled to any such relief.

## COUNT III
## UNLAWFUL RETALIATION
## VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT

Defendant realleges and reincorporates its answers set forth in paragraphs 1-19 above.

52.     Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

In response to the unnumbered WHEREFORE clause following paragraph 53 of the Complaint, Defendant denies that Plaintiff is entitled to any such relief.

**Individual Claim of Jude Gillespie for 3730(h) (FCA)[1]**

Defendant realleges and reincorporates its answers set forth in paragraphs 1-19 above.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 and 56(g) of the Complaint.

---

[1] This claim in not a numbered count in Plaintiff's Complaint.

{M2579025;1}

AKERMAN SENTERFITT, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.     Defendant realleges and reincorporates its answers set forth in paragraphs 1-19 above.

58.     Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

In response to the unnumbered WHEREFORE clause following paragraph 61 of the Complaint, Defendant denies that Plaintiff is entitled to any such relief.

Defendant denies all allegations not specifically admitted herein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a cause of action upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      To the extent that Defendant discovers evidence of wrongdoing by Plaintiff, Defendant hereby invokes the after-acquired evidence rule to preclude an award of any damages from the date the Defendant discovers the wrongdoing forward.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff has failed to exhaust his administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims under ADA and FCRA are limited in scope by his charge of discrimination filed with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.  Accordingly, any claims beyond the scope of the charge are barred.

## SIXTH AFFIRMATIVE DEFENSE

6.      Defendant has well-established policies and procedures regarding discrimination and retaliation.  Thus, Defendant cannot be held liable for any of the conduct alleged in the Complaint to the extent Plaintiff failed to avail himself of Defendant's policies and procedures.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are barred by estoppel, waiver, and laches.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

## NINTH AFFIRMATIVE DEFENSE

9.     Defendant asserts that it is not liable for any alleged wrongful action taken by employees of Defendant which were taken outside the scope and course of their duties and which were not authorized, condoned, or ratified by Defendant.

## TENTH AFFIRMATIVE DEFENSE

10.     All of Defendant's employment-related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, and for legitimate, non-discriminatory reasons.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims under the FCRA are subject to the 365-day statute of limitations period provided under § 760.11(1) Florida Statutes.  Thus, Plaintiff's claims asserted under the FCRA which accrued more than 365 days prior to Plaintiff's filing of a discrimination charge with Florida Commission on Human Relations are time-barred and must be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant would have taken the same action with regard to Plaintiff regardless of his alleged request for accommodation or alleged engagement in protected activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff has failed to mitigate his alleged damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     To the extent Plaintiff complained of any alleged unlawful conduct,

{M2579025;1}

Defendant took prompt remedial action.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendant asserts that Plaintiff has failed to state a prima facie case of retaliation under the ADA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendant asserts that Plaintiff failed/refused to cooperate in the interactive process required by the ADA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant asserts that notwithstanding the fact that Plaintiff was not a qualified individual with a disability under the ADA, Defendant nonetheless attempted to reasonably accommodate his alleged physical and mental impairments which met or exceeded the requirements of the ADA.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims under the ADA are subject to the 300-day statute of limitations period provided under 42 U.S.C. § 2000e-5(e).  Thus, Plaintiff's claims asserted under the ADA which accrued more than 300 days prior to Plaintiff's filing of a discrimination charge with Florida Commission on Human Relations or Equal Employment Opportunity Commission are time-barred and must be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

20.      Defendant asserts that Plaintiff failed to satisfy the conditions precedent prior to filing this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Defendant asserts that Plaintiff's entitlement to back pay, if any, under the ADA, is limited by 42 U.S.C. § 2000e-5(g), to the date two years prior to the filing of Plaintiff's charge with the EEOC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendant asserts that in the event of an adverse judgment, Plaintiff is not entitled to recovery of multiple damages based upon a common nucleus of operative facts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendant asserts that to the extent Plaintiff has received benefits from collateral sources or other set-offs or recoupments, Plaintiff's claims should be diminished accordingly.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Defendant asserts that to the extent the damages, if any, alleged by Plaintiff were caused or exacerbated by any act, or failure to act, on the part of Plaintiff, any damages awarded to Plaintiff should be reduced accordingly.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Defendant reserves the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered the Complaint herein, having raised affirmative defenses thereto, Defendant requests that the Complaint be summarily dismissed.

Respectfully submitted,

**AKERMAN SENTERFITT**
*Attorneys for Kaplan University*
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: susan.eisenberg@akerman.com


By: ___/s/ Susan N. Eisenberg_____
    Susan N. Eisenberg, Esq.
    Florida Bar Number: 600393
    E-mail: susan.eisenberg@akerman.com
    Jennifer M. Taylor, Esq.
    Florida Bar Number: 0174203
    Email: jennifer.taylor@akerman.com


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following parties on the attached service list who is a registered CM/ECF attorney this 14th day of September, 2007.


By: ___/s/ Susan N. Eisenberg_____
    Attorney

**<u>SERVICE LIST</u>**
**CASE NO.: 8:07-cv-662-T-26-TBM**

John W. Andrews, Esquire
Andrews Law Firm
Attorneys for Plaintiff
3220 Henderson Blvd.
Tampa FL 33609
Telephone:  813/877-1867
Facsimile:  813/872-8298

Susan N. Eisenberg, Esquire
Jennifer M. Taylor, Esquire
Akerman Senterfitt
Attorneys for Defendants
1 S.E. 3rd Avenue
25th Floor
Miami, FL  33131
Telephone:  305/374-5600
Facsimile:  305/374-5095
susan.eisenberg@akerman.com
jennifer.taylor@akerman.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**CASE NO.: 8:07-cv-662-T-26-TBM**

JUDE GILLESPIE,

      Plaintiff,

v.

KAPLAN UNIVERSITY a/k/a,
KAPLAN COLLEGE a/k/a IOWA
COLLEGE ACQUISITION CORP.,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO TRANSFER**

COMES NOW Plaintiff, JUDE GILLESPIE and files its response to Defendant's Motion to Transfer Action (Dkt. 8) and states:

1. Plaintiff has **no objection** to transferring this action to the Southern District of Florida, however Plaintiff **suggests the transfer be to the Palm Beach Division, Southern District of Florida since the subject facts arose there**.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 18, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Susan N. Eisenberg, Esq., 1 S.E. 3rd Ave, 25th Floor, Miami, FL 33131.

S/ John W. Andrews
**John W. Andrews, Esq.**
FBN: 178531; SPN: 013131
**ANDREWS LAW GROUP**
3220 Henderson Blvd.
Tampa, FL 33609
Ph. (813) 877-1867; Fx. (813) 872-8298
andrewslawgroup@ix.netcom.com
jwalaw@ix.netcom.com
Attorney for the Plaintiff(s)